Michael Schulz                                                    December 9, 2011

CONTAINS CONFIDENTIAL PORTIONS

---

**1**

```
          IN THE UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF ILLINOIS
                EAST ST. LOUIS DIVISION
JOHN W. JENTZ,         )
     Plaintiff,        )
    -vs-               )3:10-cv-00474-MJR-PMF
CONAGRA FOODS, INC., and ) Consolidated for
WEST SIDE SALVAGE, INC., ) Discovery with
     Defendants.      )3:10-cv-00952-MJR-PMF
CONAGRA FOODS, INC.,   )    and
   Cross-Claim Plaintiff/)3:11-cv-00391-MJR-PMF
   Third-Party Plaintiff,)
    -vs-               )   CONTAINS
WEST SIDE SALVAGE, INC., ) CONFIDENTIAL
   Cross-Claim Defendant,) PORTIONS
    -and-             )
A&J BIN CLEANING, LLC, )
   Third-Party Defendant.) DEPOSITION
WEST SIDE SALVAGE, INC., )    OF
   Cross-Claim Plaintiff,) MICHAEL J. SCHULZ
    -vs-              )      12/09/11
CONAGRA FOODS, INC., and )   9:17 A.M.
A&J BIN CLEANING, LLC, )   CAPTION
   Cross-Claim Defendants.) CONTINUES
```

**2**

```
 1  ----------------------)
 2  JUSTIN BECKER and     )
 3  AMBER BECKER,         )
 4     Plaintiffs,)
 5    -vs-               )
 6  CONAGRA FOODS, INC., and )
 7  A&J BIN CLEANING, LLC, )
 8     Defendants.)
 9  CONAGRA FOODS, INC.,  )
10    Cross-Claim Plaintiff/)
11    Third-Party Plaintiff,)   CONTAINS
12    -vs-               )  CONFIDENTIAL
13  A&J BIN CLEANING, LLC, )   PORTIONS
14    Cross-Claim Defendant,)
15    -and-              )
16  WEST SIDE SALVAGE, INC., )
17    Third-Party Defendant.)
18  ----------------------)
19  ROBERT SCHMIDT,       )
20    Plaintiff, )
21    -vs-               )
22  CONAGRA FOODS, INC., and )
23  WEST SIDE SALVAGE, INC., ) CAPTION
24      Defendants.) CONTINUES
```

**3**

 1  CONAGRA FOODS, INC.,    )
 2    Cross-Claim Plaintiff/)
 3    Third-Party Plaintiff,)
 4     -vs-                 )
 5  WEST SIDE SALVAGE, INC., )
 6    Cross-Claim Defendant,)
 7     -and-                )
 8  A&J BIN CLEANING, LLC,  )
 9    Third-Party Defendant.)
10
11          CONTAINS CONFIDENTIAL PORTIONS
12
13       The deposition of MICHAEL J. SCHULZ,
14  called for examination, taken pursuant to the
15  Federal Rules of Civil Procedure of the United
16  States District Courts pertaining to the taking of
17  depositions, taken before SUSAN K. TODAY, C.S.R.
18  No. 84-2212, a Notary Public within and for the
19  County of DuPage, State of Illinois, and a
20  Certified Shorthand Reporter of said state, at
21  Suite 3100, 120 North LaSalle Street, Chicago,
22  Illinois, on December 9, 2011, commencing at
23  9:17 a.m.
24

**4**

 1  PRESENT:
 2     CLIFFORD LAW OFFICES, P.C.,
 3     (120 North LaSalle Street, Suite 3100,
 4     Chicago, Illinois 60602,
 5     312-899-9090), by:
 6     MR. KEVIN P. DURKIN,
 7     kpd@cliffordlaw.com,
 8        appeared on behalf of John W. Jentz
 9        and Robert Schmidt;
10
11     ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.,
12     (161 North Clark Street, 21st Floor,
13     Chicago, Illinois 60601,
14     312-372-3822), by:
15     MR. MARC A. TAXMAN,
16     mtaxman@anesilaw.com,
17     MS. JULIE LEVINSON PUSTILNIK,
18     jlevinson@anesilaw.com,
19        appeared on behalf of Justin Becker
20        and Amber Becker;

---





EXHIBIT B

Toll Free: 866.646.0618
Facsimile: 612.332.4233

Suite 500
701 4th Avenue South
Minneapolis, MN 55415
www.esquiresolutions.com

Michael Schulz                                                December 9, 2011

CONTAINS CONFIDENTIAL PORTIONS

| 5 | 7 |
|---|---|
| 1  PRESENT: (Continued)<br>2      HUSCH BLACKWELL, LLP,<br>3      (190 Carondelet Plaza, Suite 600,<br>4      St. Louis, Missouri  63105,<br>5      314-480-1500), by:<br>6      MR. BRANDAN MUELLER,<br>7      brandan.mueller@huschblackwell.com,<br>8          -and-<br>9      PATTON & RYAN LLC,<br>10     (One IBM Plaza, Suite 2900,<br>11     Chicago, Illinois  60611,<br>12     312-261-5160), by:<br>13     MR. DAVID W. GRAY,<br>14     dgray@pattonryan.com,<br>15         appeared on behalf of ConAgra<br>16         Foods, Inc.;<br>17     FRANKE SCHULTZ & MULLEN,<br>18     (8900 Ward Parkway,<br>19     Kansas City, Missouri  64114,<br>20     816-421-7100), by:<br>21     MR. JASON B. MOORE,<br>22     jmoore@fsmlawfirm.com,<br>23         appeared on behalf of West Side<br>24         Salvage, Inc.; | 1          (WHEREUPON, the witness was duly<br>2      sworn.)<br>3          MICHAEL J. SCHULZ,<br>4  called as a witness herein, having been first duly<br>5  sworn, was examined and testified as follows:<br>6              EXAMINATION<br>7  BY MR. MUELLER:<br>8      Q.  Good morning.  My name is Brandan<br>9  Mueller.  We met earlier.  I represent ConAgra in<br>10 this matter.<br>11         You've been deposed before, correct?<br>12     A.  Yes.<br>13     Q.  I understand somewhere in excess of 200<br>14 times; is that fair?<br>15     A.  Yes.<br>16     Q.  In terms of the deposition for today,<br>17 can you tell me what documents you reviewed to<br>18 prepare for this deposition?<br>19     A.  To specifically prepare for this<br>20 deposition?  Well, this week I went through the --<br>21 really through the whole case file.  I focused<br>22 mostly on my report and Mr. Ogle's report I think<br>23 would be a fair characterization.  And my notes.<br>24     Q.  Prior to this week had you seen |
| 6 | 8 |
| 1  PRESENT: (Continued)<br>2      (LASHLY & BAER, PC,<br>3      714 Locust Street,<br>4      St. Louis, Missouri  63101,<br>5      314-621-2939), by:<br>6      MR. STEPHEN L. BEIMDIEK,<br>7      sbeim@lashlybaer.com,<br>8          -and-<br>9      BRYCE DOWNEY & LENKOV LLC,<br>10     (200 North LaSalle Street, Suite 2700,<br>11     Chicago, Illinois  60601,<br>12     312-377-1501), by:<br>13     MR. STORRS W. DOWNEY,<br>14     sdowney@brycedowney.com,<br>15         appeared on behalf of A&J Bin<br>16         Cleaning, LLC.<br>17<br>18<br>19<br>20<br>21<br>22<br>23 REPORTED BY: SUSAN K. TODAY, C.S.R., R.P.R.<br>24     License No. 84-2212. | 1  Mr. Ogle's report?<br>2      A.  I think I received it last week.  Prior<br>3  to that, no.<br>4      Q.  I have a copy of your report that's<br>5  dated October 5th, 2011.  Is there anything that<br>6  you reviewed in preparing for this deposition that<br>7  changes any of your conclusions in that report?<br>8      A.  No.<br>9      Q.  So your October 5, 2011, report is<br>10 current as we sit here today?<br>11     A.  Yes, sir.<br>12     Q.  I understand that you do a lot of<br>13 consulting for litigation.  Do you also consult for<br>14 companies or entities that want to prevent fire or<br>15 fire safety issues or things like that?<br>16     A.  My best estimate as I sit here, about 5<br>17 percent of the time I do consulting work it<br>18 typically is for companies who have<br>19 responsibilities for adhering to flammability<br>20 standards of one type or another.  And that<br>21 comprises about 5 percent of my consulting.<br>22     Q.  Can you give me a general description of<br>23 what that type of consulting would be?<br>24     A.  Testing textiles to make sure they meet |



Toll Free: 866.646.0618
Facsimile: 612.332.4233

Suite 500
701 4th Avenue South
Minneapolis, MN 55415
www.esquiresolutions.com

Michael Schulz                                                                              December 9, 2011

CONTAINS CONFIDENTIAL PORTIONS

### 265

1  isn't the job for a salvage company?
2     A.  I think it presents that possibility to
3  them, yes.
4     Q.  Isn't it your opinion, sir, after your
5  review of all the materials in this case that you
6  have reviewed that you see West Side Salvage as a
7  salvage company, not a firefighting or fire
8  suppression outfit?
9     A.  I don't see anything about their
10 acknowledged capabilities or even their
11 acknowledged equipment that they had available to
12 them, not just at this site but in general as there
13 was discussion in some of the depositions of the
14 type of equipment that they possess. They were not
15 equipped for suppression.
16    Q.  But given this, you're not critical, are
17 you, of West Side Salvage for diagnosing the
18 condition of the bin on March 12th as a hot bin as
19 opposed to an active fire, are you?
20    A.  Well, I still think that they had the
21 same available information to them that they could
22 have diagnosed it as a -- that they had a fire and
23 not a hot bin.
24    Q.  Is it reasonable to expect a salvage

### 266

1  company to be able to distinguish between a hot bin
2  as opposed to a smoldering fire?
3     A.  I would hope that if you're going to
4  limit your practice to hot bins and not suppression
5  activities that you would have to know how to tell
6  the difference between the two so that you could
7  decide whether or not you're going to accept the
8  assignment.
9     Q.  You would agree that the bin --
10 irrespective of the term as we defined it, hot bin,
11 but the bin in normal parlance was hot when West
12 Side Salvage looked at it, right?
13    A.  It's hot, yes. There are elevated
14 temperatures above ambient temperatures.
15    Q.  Sir, you believe -- from your testimony
16 I gather you believe that an active fire was
17 present from March 12th all the way up until the
18 date of the explosion continuously, correct?
19    A.  Yes.
20    Q.  But the situation got worse over time,
21 did it not?
22    A.  Yes. What's happening is that
23 smoldering combustion is now starting to reach --
24 is gradually reaching temperatures progressively so

### 267

1  that the temperature of the heat being generated by
2  the smoldering combustion is now sufficient that it
3  exceeds the ignition temperature of pelletized
4  wheat middlings.
5     Q.  You'd agree with me that by the time
6  that ConAgra finally called Ron Sumner in April and
7  said, "We do in fact need you to come out here,"
8  that it had been several weeks since anyone from
9  West Side Salvage had looked at or observed that
10 bin?
11    MR. MUELLER:  Object to the form.
12 BY THE WITNESS:
13    A.  Yes.
14 BY MR. MOORE:
15    Q.  We've got Ron Sumner there on March
16 13th. ConAgra doesn't call until April.
17    A.  No outside consultant of any type is
18 there assisting them or providing them guidance;
19 that's correct. Yeah, that's true.
20    Q.  This is my final question. I just want
21 to confirm because this is the last time I get a
22 chance to talk to you.
23         Your only criticism whatsoever of West
24 Side Salvage is that they did not ask the questions

### 268

1  or ask for information that could have put them in
2  the position to not take the job?
3     A.  Or recognize from the information they
4  had on March 13th that this was a fire and not a
5  salvage operation. I think those are two distinct
6  criticisms.
7     Q.  With regard to not recognizing, you've
8  never worked in the salvage industry yourself, have
9  you?
10    A.  I have not.
11    Q.  And you don't hold yourself out as
12 having any sort of expertise or knowledge with
13 respect to salvage operations, do you?
14    A.  I don't.
15    Q.  So whether and to what extent West Side
16 Salvage could or should have been able to observe
17 conditions and interpret them in order to
18 distinguish between a hot bin versus a fire, that's
19 beyond your qualifications, isn't it, from a
20 salvage standpoint?
21    A.  Correct. And I really just go back to
22 my prior answer. If you're going to limit yourself
23 to salvage and you're not going to get involved in
24 situations that are really suppression or should be



Toll Free: 866.646.0618
Facsimile: 612.332.4233

Suite 500
701 4th Avenue South
Minneapolis, MN 55415
www.esquiresolutions.com

Michael Schulz                                              December 9, 2011

CONTAINS CONFIDENTIAL PORTIONS

### 313

1  wand, was used by A&J employees?
2      A.  No.
3      Q.  You would agree that ConAgra should
4  never have brought West Side out to this job?
5  Would you agree with that?
6      A.  Yes.  It should have been a suppression
7  activity.
8      Q.  And you'd agree that ConAgra should
9  never have asked West Side to come out with either
10 their own equipment or someone else's equipment to
11 operate a bin whip?
12     A.  Yes.  I think that's inferred.  If they
13 shouldn't have asked them to come to do a salvage
14 operation, they certainly shouldn't have asked them
15 to bring any equipment.
16     Q.  It was up to ConAgra to say this is not
17 a salvage job, would you agree?
18     A.  They possessed the most knowledge and
19 should have arrived at that conclusion because they
20 had the most data and information.
21         And I think the e-mails substantiate
22 that they had decided this was a fire.
23     MR. DOWNEY:  Thank you.
24     MR. DURKIN:  One question.

### 314

1            EXAMINATION
2  BY MR. DURKIN:
3      Q.  You have no criticism of Mr. Jentz?
4      A.  I do not.
5      Q.  Nor of Mr. Schmidt?
6      A.  No.
7      MR. DURKIN:  Thank you.
8         That was two questions.  Sorry.
9      MR. MUELLER:  I already changed my flight.  It
10 doesn't matter.
11     MR. TAXMAN:  Reserve?
12     THE WITNESS:  Yes, I'll read and sign.
13         (Time Noted:  3:58 p.m.)
14         FURTHER DEPONENT SAITH NAUGHT.

### 315

1  STATE OF ILLINOIS )
2                   ) SS:
3  COUNTY OF DU PAGE )
4      I, SUSAN K. TODAY, C.S.R. No. 84-2212, a
5  Notary Public within and for the County of DuPage,
6  State of Illinois, and a Certified Shorthand
7  Reporter of said state, do hereby certify:
8         That previous to the commencement of the
9  examination of the witness, the witness was duly
10 sworn to testify the whole truth concerning the
11 matters herein;
12        That the foregoing deposition transcript
13 was reported stenographically by me, was thereafter
14 reduced to typewriting under my personal direction
15 and constitutes a true record of the testimony
16 given and the proceedings had;
17        That the said deposition was taken
18 before me at the time and place specified;
19        That the reading and signing by the
20 witness of the deposition transcript was agreed
21 upon as stated herein;
22        That I am not a relative or employee or
23 attorney or counsel, nor a relative or employee of
24 such attorney or counsel for any of the parties

### 316

1  hereto, nor interested directly or indirectly in
2  the outcome of this action.
3         IN WITNESS WHEREOF, I do hereunto set my
4  hand of office at Chicago, Illinois, this 15th day
5  of December, 2011.
6
7
8
9         SUSAN K. TODAY, C.S.R. No. 84-2212.
10        Notary Public, DuPage County, Illinois.
11        My commission expires April 18, 2012.



Toll Free: 866.646.0618
Facsimile: 612.332.4233

Suite 500
701 4th Avenue South
Minneapolis, MN 55415
www.esquiresolutions.com

Michael Schulz                                                                                      December 9, 2011

CONTAINS CONFIDENTIAL PORTIONS

```
                    317                                              319
 1        I N D E X                                  1        DEPOSITION ERRATA SHEET
 2   MICHAEL J. SCHULZ        EXAMINATION            2   Page No._____Line No._____Change to:_____
 3      BY MR. MUELLER         7, 304                3   _____
 4      BY MR. MOORE          258, 308               4   Reason for change:_____
 5      BY MR. DOWNEY         269, 312               5   Page No._____Line No._____Change to:_____
 6      BY MR. BEIMDIEK        298                   6   _____
 7      BY MR. DURKIN          314                   7   Reason for change:_____
 8                                                   8   Page No._____Line No._____Change to:_____
 9                                                   9   _____
10                                                  10   Reason for change:_____
11                                                  11   Page No._____Line No._____Change to:_____
12                                                  12   _____
13        E X H I B I T S                           13   Reason for change:_____
14   SCHULZ DEPOSITION EXHIBIT    MARKED FOR ID     14   Page No._____Line No._____Change to:_____
15      Nos. 184 through 189.............194        15   _____
16      No. 190.........................254        16   Reason for change:_____
17                                                  17   Page No._____Line No._____Change to:_____
18                                                  18   _____
19                                                  19   Reason for change:_____
20                                                  20   Page No._____Line No._____Change to:_____
21                                                  21   _____
22                                                  22   Reason for change:_____
23                                                  23   SIGNATURE:_____DATE:_____
24                                                  24         MICHAEL J. SCHULZ

                    318                                              320
 1     DEPOSITION ERRATA SHEET                       1        DEPOSITION ERRATA SHEET
 2                                                   2   Page No._____Line No._____Change to:_____
 3   Esquire Assignment No. 294966                   3   _____
 4   Becker v. ConAgra                               4   Reason for change:_____
 5   Case No. 3:10-cv-00474-MJR-PMF                  5   Page No._____Line No._____Change to:_____
 6                                                   6   _____
 7     DECLARATION UNDER PENALTY OF PERJURY          7   Reason for change:_____
 8                                                   8   Page No._____Line No._____Change to:_____
 9      I declare under penalty of perjury that I    9   _____
10   have read the entire transcript of my Deposition 10  Reason for change:_____
11   taken in the captioned matter or the same has been 11 Page No._____Line No._____Change to:_____
12   read to me, and the same is true and accurate, save 12 _____
13   and except for changes and/or corrections, if any, 13 Reason for change:_____
14   as indicated by me on the DEPOSITION ERRATA SHEET 14 Page No._____Line No._____Change to:_____
15   hereof, with the understanding that I offer these 15 _____
16   changes as if still under oath.                16   Reason for change:_____
17                                                  17   Page No._____Line No._____Change to:_____
18      Signed on the _____ day of                 18   _____
19          _____, 20___.                   19   Reason for change:_____
20      _____           20   Page No._____Line No._____Change to:_____
21            MICHAEL J. SCHULZ                     21   _____
22                                                  22   Reason for change:_____
23                                                  23   SIGNATURE:_____DATE:_____
24                                                  24         MICHAEL J. SCHULZ
```



Toll Free: 866.646.0618
Facsimile: 612.332.4233

Suite 500
701 4th Avenue South
Minneapolis, MN 55415
www.esquiresolutions.com