UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JOHN W. JENTZ,<br>JUSTIN BECKER and AMBER BECKER,<br>ROBERT SCHMIDT, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | No. 3:10-cv-00474-MJR-PMF<br>3-10-cv-00952-MJR-PMF |
| CONAGRA FOODS, INC., et al. | )<br>) | 3-10-cv-00391-MJR-PMF |
| | )<br>) | JURY TRIAL DEMANDED |
| Defendants. | )<br>) | |

DEFENDANT CONAGRA'S RESPONSE TO THE JOINT MOTION OF THE
PARTIES IN LIMINE TO BAR ANY AND ALL REFERENCE TO EXPERT,
MICHAEL J. SCHULZ'S PAST ADMINISTRATIVE SUSPENSIONS FROM THE
CEDARBURG POLICE DEPARTMENT THAT OCCURRED IN 1987 AND ANY OF
THE CIRCUMSTANCES RELATING THERETO

COMES NOW Defendant ConAgra Foods, Inc., ("ConAgra") by its counsel and for its response to the Joint Motion of the Parties ("Joint Parties") in Limine to bar any and all reference to expert, Michael J. Schulz's past administrative suspensions from the Cedarburg Police Department that occurred in 1987 and any of the circumstances relating thereto, states as follows:

The Joint Parties have moved in limine for an order precluding any discussion of certain instances of past conduct by Plaintiffs' retained fire cause and origin expert in this matter, Michael J. Schulz. The evidence the Joint Parties seek to exclude concern episodes of untruthfulness with regard to past police investigation of Mr. Schulz' conduct. The Joint Parties claim that these past incidents are too remote in time to be relevant to Mr. Schulz' credibility as an expert witness.

1

In fact, these past instances of conduct by Mr. Schulz bear directly upon his character for truthfulness and are therefore relevant and admissible pursuant to Fed. R. Evid. 608(b). To the extent Mr. Schulz has given untruthful testimony during the course of this proceeding or other which are not remote in time, that fact bears directly upon his credibility as an expert witness. It is not necessarily the underlying events which are most significant, it is Mr. Schulz' testimony concerning them. While the subjects at issue may be collateral to Mr. Schulz' opinions in this matter, they are in fact fair game for cross-examination.

While employed in Cedarburg, Mr. Schulz was subject to a host of disciplinary charges, investigations and suspensions by the police department. See Exhibit D attached to the Joint Parties' Motion in limine. One of these incidents involved Mr. Schulz providing untruthful testimony during the course of a police investigation over allegations that Mr. Schulz, then 28 years old and a married man, was involved in an intimate relationship with a 16 year-old high school student named Dawn Struck. Mr. Schulz has consistently denied the affair with Ms. Struck, despite the fact that he acknowledged they later became engaged to be married. Mr. Schulz has admitted that he was in fact untruthful during the course of the police investigation until confronted with evidence contradicting his position.

Putting aside the veracity of the claims that Mr. Schulz once had an improper physical relationship with a 16 year-old, he has testified untruthfully under oath in prior proceedings in his capacity as a consulting expert in litigation concerning his history in Cedarburg. While Mr. Schulz in his deposition in this case refused to answer questions about his suspensions in Cedarburg (see Exhibit "A" attached to the Joint Parties' Motion

in limine) in his deposition testimony in the Jakobson matter, after being confronted with the Dawn Struck incident, Mr. Schulz admitted to his episode of untruthfulness. See Exhibit F attached to Joint Parties Motion in limine.

Any effort by Mr. Schulz to claim that he did not recall the incident in which he was alleged to have been having an affair with a 16 year-old whom he ultimately became engaged to, and for which he was suspended 10 days without pay as a result, when he was testifying in these proceedings does not go to the permissibility of cross-examination on these points and is incredible.

## ARGUMENT

ConAgra believes that a pattern of false sworn testimony by Mr. Schulz in his capacity as a police officer and as an expert witness is a fair topic of cross-examination. The offering of this testimony is neither insignificant nor remote in time. Statements and instances of conduct which bear upon the credibility of a witness and, specifically, the witness' character for truthfulness or untruthfulness may be inquired into on cross-examination. Fed. R. Evid. 608(b). Trial courts have broad discretion in determining the relevance of proffered evidence. United States v. Laughlin, 772 F.2d 1382 (1985).

While the Joint Parties argue that Mr. Schulz' 25-year-old acts of untruthfulness are too remote and thus irrelevant and highly prejudicial, remoteness of the act is only one factor of several that a court should consider in determining the probative value of the bad act. In assessing the probative value and prejudicial effects of a bad act, the following factors should also be considered: (1) the dishonest nature of the act, (2) importance of the witness' credibility, and (3) impeachment on other grounds.

  1. Dishonest Nature of the Act.

It is clear that acts that involve dishonesty or lying are more probative of propensity to lie on the stand than are acts that do not. Commentary to Fed. R. Evid. 608 regarding prior bad act impeachment. *Deary v. City of Gloucester*, 9 F.3d 191 (1st Cir. 1993). Here, Mr. Schulz' episodes of untruthfulness is more probative since it indicates his propensity to lie.

2. Importance of the Witness' Credibility.

The more important the witness' credibility is to the case, the more flexible the court should be in allowing inquiry into that credibility. For example, if the case comes down to a testimonial dispute between two witnesses, bad acts may well be admissible where they would not be if the witness was simply a foundation witness for admitting a document. Commentary to Fed. R. Rule 608 regarding prior bad act impeachment. *See, e.g., Zahran v. Cleary Building Corporation*, 1999 U.S. App. Lexis 14 103.

Mr. Schulz has been retained by Plaintiffs as one of their experts, thus Mr. Schulz is more than just a foundation witness to admit a document. Mr. Schulz has provided opinions regarding the cause and origin of the fire and April 27, 2010 explosion and will testify to such opinions at trial. Similarly, ConAgra has retained an expert whose own opinions dispute Mr. Schulz' opinions. Thus, Mr. Schulz' credibility is important since he has presented himself as an expert, and ConAgra should be allowed flexibility to inquire as to Mr. Schulz background, in particular, his episode for untruthfulness.

3. Impeachment on Other Grounds.

In balancing the relevance of a bad act, the probative value of a particular piece of evidence must be assessed in light of other evidence that is or can be proffered to prove a point. If a witness has already been impeached with a prior inconsistent statement and

4

evidence of bias, the court should be more receptive to excluding a bad act. Commentary to Fed. R. Evid. 608 regarding prior bad act impeachment. *See, e.g., Old Chief v. United States, 519 U.S. 172 (1997).* Here, the only evidence discovered thus far to impeach Mr. Schulz is his prior episodes for untruthfulness. Thus, the Court should be more receptive and flexible in allowing ConAgra to inquire on Mr. Schulz' background.

Remoteness of Mr. Schulz' episodes for untruthfulness is only one factor that the court must consider in determining whether said evidence is probative value outweighs any prejudice to the parties. Mr. Schulz has presented himself as an expert in this matter. As an expert, ConAgra must be allowed the flexibility to inquire regarding Mr. Schulz credibility for truthfulness. Not only was Mr. Schulz suspended for being untruthful while employed as a police officer with Cedarburg Police Department, but he continued a pattern of denying such untruthfulness while employed as an expert. This probative value for this pattern of truthfulness goes to Mr. Schulz' credibility as an expert witness which far outweighs any potential prejudice to the parties. The court should note that Mr. Schulz is one of three experts retained by the Plaintiffs regarding the cause and origin of the fire and explosion. Thus, any prejudice is lessened since Plaintiffs can rely upon the two remaining experts.

## CONCLUSION

WHEREFORE, for all of the reasons stated herein, ConAgra moves that the Joint Parties' Motion in Limine to bar any and all reference to expert, Michael J. Schulz's past administrative suspensions from the Cedarburg Police Department that occurred in 1987 and any of the circumstances relating thereto be denied; and for such other relief as the Court deems appropriate.

                                                Respectfully submitted by

                                                PATTON & RYAN LLC

                                                /s/ *John W. Patton, Jr.*
                                                John W. Patton, Jr.

David F. Ryan
David W. Gray
330 N. Wabash Ave., Suite 2900
Chicago, IL 60611
312-261-5160
312-261-5161 Facsimile


HUSCH BLACKWELL LLP
Joseph C. Orlet, IL# 06197026
Brandan P. Mueller, IL# 06275562
Joseph A. Kilpatrick, IL# 06281909
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
314-480-1505 Facsimile

ATTORNEYS FOR DEFENDANT
CONAGRA FOODS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2012, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Brad L. Badgley
BRAD L. BADGLEY, P.C.
26 Public Square
Belleville, IL 62220
618-235-1000
bbadg@aol.com

Colin H. Dunn
Kevin P. Durkin
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle St., 31st Floor
Suite 3100
Chicago, IL 60602
312-899-9090
Fax: 312-251-1160
chd@cliffordlaw.com
kpd@cliffordlaw.com

Gerald L. Maschka
John M. Riedy
MASCHKA, RIEDY & RIES, PLLP
P.O. Box 7
Mankato, MN 56002--0007
507-625-6600
Fax: 507-625-4002
jerry_maschka@mrr-law.com
jack_riedy@mrr-law.com

**ATTORNEYS FOR PLAINTIFFS JOHN W. JENTZ AND/OR ROBERT SCHMIDT**

Marc A. Taxman
Sean P. Murray
Todd P. Klein
Angelica Jimenez
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 North Clark Street – 21st Floor
Chicago, IL 60601
(312) 372-3822
(312) 372-3833 (fax)
mtaxman@anesilaw.com
smurray@anesilaw.com
tklein@anesilaw.com
ajimenez@anesilaw.com

Matthew J. Petrzelka
PETRZELKA & BREITBACH PLC
1000 42nd Street SE, Suite A
Cedar Rapids, IA 52403
(319) 365-3787
(319) 365-3788 (fax)
mpetrzelka@petrzelkabreitbach.com

**ATTORNEYS FOR PLAINTIFFS JUSTIN BECKER and AMBER BECKER**

7

John G. Schultz
Jason B. Moore
FRANKE SCHULTZ & MULLEN, P.C.
8900 Ward Parkway
Kansas City, MO 64114
816-421-7100
Fax: 816-421-7915
jschultz@fsmlawfirm.com
jmoore@fsmlawfirm.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT WEST SIDE SALVAGE, INC.**

| | |
|---|---|
| Storrs W. Downey | Stephen L. Beimdiek |
| BRYCE DOWNEY & LENKOV LLC | Sarah J. Hugg |
| 200 N. LaSalle | LASHLY & BAER, PC. |
| Suite 2700 | 714 Locust Street |
| Chicago, IL 60601 | St. Louis, MO 63101 |
| 312-377-1501 (telephone) | 314-621-2939 (telephone) |
| 312-377-1502 (facsimile) | 314-621-6844 (facsimile) |
| sdowney@brycedowney.com | sbeim@lashlybaer.com |
| | shugg@lashlybaer.com |

**ATTORNEYS FOR THIRD-PARTY DEFENDANT A & J BIN CLEANING, LLC**

Richard C. Wuestling
M. Adina Johnson
WUESTLING & JAMES, L.C.
720 Olive Street, Suite 2020
St. Louis, MO 63101
(314) 421-6500
(314) 421-5556 (fax)
wuestling@wuestlingandjames.com
johnson@wuestlingandjames.com

**ATTORNEYS FOR INTERVENOR NATIONAL AMERICAN INSURANCE COMPANY**