IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN W. JENTZ; JUSTIN BECKER and AMBER BECKER; and ROBERT SCHMIDT, <br><br>      Plaintiffs, <br><br> v. <br><br> CONAGRA FOODS, INC., et al., <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 10-cv-0474-MJR-PMF <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Before the Court is a motion for leave to file motion in limine out of time and to modify the Final Pretrial Order filed by Defendant/Cross-claim Defendant/Third-Party Defendant West Side Salvage, Inc. (Doc. 307). West Side seeks to bar any reference to liability insurance and to modify the Final PreTrial Order accordingly.

Although the motion was filed out of time, the Court found that unusual circumstances warranted the Court's considering the motion and, consequently, the Court elicited responses thereto. Plaintiffs filed a joint response (Doc. 311), and the matter is ready for ruling.

On the issue of the admissibility of evidence of liability insurance, Federal Rule of Evidence 411 provides,

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or

1

otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Stated simply, while evidence of insurance is generally not admissible, it is not sufficiently prejudicial to be eliminated in all cases, and it is not excluded when offered for another purpose.

Here, the evidence that West Side was insured against liability is not offered to prove that West Side acted negligently or otherwise wrongfully – or to imply the existence of liability insurance for West Side. Rather, it is offered to show that there was a time delay in ConAgra's addressing the "hot bin" and hiring West Side that was occasioned by ConAgra's negotiating with a cheaper alternative salvage company, Southern Illinois Salvage. Southern Illinois Salvage was, ultimately, unable to meet ConAgra's insurance requirements, and ConAgra hired West Side. Plaintiffs seek in this way to show that ConAgra showed a reckless disregard for the rights of others and placed money above safety. For this limited purpose, the evidence is admissible.

For these reasons, the Court **GRANTS** West Side's motion for leave to file a motion in limine out of time (Doc. 307) but **DENIES** the motion on the substance. The Court welcomes a proposed limiting instruction to be offered both when the evidence is offered and during the charge to the jury.

IT IS SO ORDERED.

DATED this 3rd day of May, 2012

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge