IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JOHN W. JENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | No: 3:10-CV-474-MJR-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| CONAGRA FOODS, INC., and WEST SIDE SALVAGE, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| JUSTIN BECKER and AMBER BECKER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:10-CV-952-MJR-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| CONAGRA FOODS, INC., and A&J BIN CLEANING, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| ROBERT SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-CV-391-MJR-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| CONAGRA FOODS, INC., and WEST SIDE SALVAGE, INC., | ) ) | |
| | ) | Judge Michael J. Reagan |
| Defendants. | ) | Magistrate Judge Philip M. Frazier |

**PLAINTIFFS JUSTIN AND AMBER BECKER AND DEFENDANT A&J BIN
CLEANING, LLC'S JOINT MOTION FOR A GOOD-FAITH FINDING
AND SUGGESTIONS OF LAW IN SUPPORT**

Now come Plaintiffs, JUSTIN BECKER and AMBER BECKER, by and through their

attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and Defendant, A&J BIN

CLEANING, LLC, by and through its attorneys, LASHLY & BAER, PC, and together move this

honorable Court for a finding that the settlement agreement entered into by and between said

1

Plaintiffs and Defendant was made and entered into in good-faith within the meaning of Illinois's Joint Tortfeasor Contribution Act 740 ILCS 100/1 *et seq.,* and in support thereof state the following:

1. On November 23, 2010, Plaintiffs Justin and Amber Becker filed their original Complaint [Doc. #2] against ConAgra Foods, Inc., seeking to recover damages for injuries sustained as a result of the April 27, 2010 explosion at ConAgra Foods, Inc.'s facility in Chester, Illinois.

2. On February 23, 2011, Plaintiffs filed their Second Amended Complaint [Doc. #29], adding A&J Bin Cleaning, LLC (hereinafter "A&J") as an additional defendant.

3. Plaintiffs' Fifth Amended Complaint [Doc. #110] filed October 5, 2011 includes twelve counts, ten of which are asserted solely against ConAgra Foods, Inc., including but not limited to claims based on allegations of willful and wanton conduct on the part of ConAgra Foods, Inc.

4. Plaintiffs' Fifth Amended Complaint [Doc. #110] contains only two counts directed against A&J - one count for negligence and one count for loss of consortium – arising out of the April 27, 2010 explosion. Plaintiffs have not made any allegations of willful and wanton conduct against A&J.

5. A&J and Plaintiffs have reached a full settlement of Plaintiffs' claims against A&J, whereby A&J agrees to pay $900,000.00 to Plaintiffs Justin and Amber Becker and Plaintiffs agree to release A&J and dismiss with prejudice all claims against A&J.

6. On April 27, 2010, A&J Bin was insured under Catlin Policy No. 2200101107. A true and accurate copy of the Commercial General Liability Insurance Declarations for said Policy is attached hereto as Exhibit A.

7. Under that Policy, the coverage afforded A&J is limited to $1,000,000.00 per occurrence.[1]

8. Catlin is unaware of any additional insurance coverage for its insured, A&J.

9. The settlement agreement by and between Plaintiffs and A&J was entered into in good-faith within the meaning of Illinois's Joint Tortfeasor Contribution Act. 740 ILCS 100/2(c).

10. Under Illinois law, a settlement agreement is in good faith unless the settling parties engaged in wrongful conduct, collusion or fraud; or, if the settlement conflicts with the Contribution Act. *Johnson v. United Airlines,* 203 Ill.2d 121, 134 (2003).

11. The settlement agreement between Plaintiffs and A&J was not the result of wrongful conduct, collusion, or fraud, and is consistent with the public policy of the Joint Tortfeasor Contribution Act.

12. Illinois courts have repeatedly and consistently held that "a separate evidentiary hearing is not required and that a trial court need not decide the merits of the tort case or rule on the relative liabilities of the parties before making a good faith determination." *Id.* at 139.

13. The good faith determination is a matter left to the discretion of the trial court, and this Court is capable of ruling on good faith without a precise determination of the overall damages suffered by the Plaintiffs and the "settling tortfeasor's proportionate liability". See *id*.

14. Once the settling party establishes that a settlement agreement is supported by consideration, the party challenging the settlement has the burden of establishing a lack of good faith by a preponderance of evidence. Notably, Illinois courts have consistently rejected

---

[1] In addition to the case at bar, a separate action is pending in the Randolph County, Illinois Circuit Court against A&J and other defendants, arising from the April 27, 2010 explosion at ConAgra's facility in Chester, Illinois, captioned *Richard W. Lohmann et al. v. ConAgra Foods, Inc. et al.* Cause No. 12-L-21. A&J has reached a full settlement of the Lohmann Plaintiffs' claims, whereby A&J has agreed to pay $100,000.00 to the Lohmann Plaintiffs. Thus, coverage under the Catlin Policy has been exhausted.

challenges to good faith settlements based upon alleged disparities between the value of the settlement and the settling tortfeasor's relative culpability for the plaintiff's damages. *Wreglesworth v. Arctco, Inc.,* 113 Ill.App.3d 628, 643 (2000).

15. The parties were fully apprised of the liability and damages claimed, and believe that the settlement is reasonable for the damages claimed, and was the result of arms length negotiations.

16. Accordingly, Plaintiffs Justin and Amber Becker and Defendant A&J Bin Cleaning, LLC move this Court to make an independent determination that the herein referenced settlement is in good faith.

WHEREFORE, Plaintiffs Justin and Amber Becker and Defendant A&J Bin Cleaning, LLC pray that this Court enter an Order finding that the settlement between Plaintiffs Justin and Amber Becker and Defendant A&J Bin Cleaning, LLC is in good faith within the meaning of the Joint Tortfeasor Contribution Act, dismissing with prejudice Plaintiffs' claims against Defendant A&J Bin Cleaning, LLC, as well as, any and all contribution claims against A&J Bin Cleaning, LLC, and barring any current and future claims for contribution against Defendant A&J Bin Cleaning, LLC.

Respectfully Submitted,

*Sarah J. Hugg*
Stephen L. Beimdiek    #6192317
Sarah J. Hugg    #6281864
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
(314) 621-6844 facsimile
sbeim@lashlybaer.com
shugg@lashlybaer.com

*Marc A. Taxman* (with consent)
                                             Marc A. Taxman
                                             Sean P. Murray
                                             Julie Pustilnik
                                             Anesi Ozmon Rodin
                                             Novak & Kohen, Ltd.
                                             161 N. Clark St.
                                             21st Floor
                                             Chicago, Illinois 60601
                                             (312) 372-3822
                                             (312) 372-3833 – facsimile
                                             Attorneys for the Becker Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


                                                     *Sarah J. Hugg*

*Marc A. Taxman* (with consent)
Marc A. Taxman
Sean P. Murray
Julie Pustilnik
Anesi Ozmon Rodin
Novak & Kohen, Ltd.
161 N. Clark St.
21st Floor
Chicago, Illinois 60601
(312) 372-3822
(312) 372-3833 – facsimile
Attorneys for the Becker Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*Sarah J. Hugg*