IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN W. JENTZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | 10-CV-0474-MJR |
| | ) | (Lead case) |
| CONAGRA FOODS, INC. AND | ) | |
| WEST SIDE SALVAGE, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Consolidated with:*

| | | |
|---|---|---|
| JUSTIN AND AMBER BECKER, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | 10-CV-0952-MJR |
| | ) | |
| CONAGRA FOODS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Consolidated with:*

| | | |
|---|---|---|
| ROBERT SCHMIDT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | 11-CV-0391-MJR |
| | ) | |
| CONAGRA FOODS, INC. AND | ) | |
| WEST SIDE SALVAGE, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

1

MEMORANDUM AND ORDER

REAGAN, District Judge:

I.  Introduction

On May 21, 2012, West Side Salvage, Inc., and ConAgra Foods, Inc., submitted briefs on the proper measure of damages for ConAgra's property damage claim (Docs. 357, 364). After a review of case law and careful consideration, the Court entered an order finding that the proper measure of damages was the cost of repair, not the diminution in value of the property (Doc. 366). The order indicated that the Court would set forth the reasons for its decision in a subsequent memorandum and order. The basis for the Court's ruling is as follows.

II.  Discussion

In making its determination, the Court was guided by the analysis set forth in ***Williams-Bowman Rubber Co. v. Industrial Maintenance, Welding and Machining Co.*, 677 F.Supp. 539 (N.D. Ill 1987),** where the district court undertook a comprehensive review of Illinois case law on damages to real property. Deciding the issue as it would be decided in Illinois, the Court first observes that Illinois appellate courts apply the cost of repair or the diminution in value measure of damages depending upon whether the property is partially damaged and may be repaired in a practicable manner or whether it is totally destroyed or damaged in a manner which renders repair impracticable. If the former applies, then the

proper measure of damages is the cost of restoring the property to its condition prior to the injury; if the latter, then the diminution in value rule applies. ***Williams-Bowman*, 677 F.Supp. at 545**.

It is impracticable to repair real property if doing so "would put the defendant to disproportionate expenses or effort to restore it to its condition prior to the injury." ***Id., citing* Restatement (Second) of Contracts sec. 261 comment d (1981);** ***Johnson v. Pagel Clikeman*, 99 N.E.2d 148 (Ill.App.Ct. 1951).** In other words, if the property is damaged in a way that renders repair impracticable, the injury is permanent, and the diminution in market value is the appropriate measure of damages. *Id.* However, if repair is practicable, the injury is temporary and the appropriate measure of damages is the cost of repair. *Id.* Distinguishing between temporary and permanent injury serves the compensatory purpose of making an injured party whole without penalizing the party causing injury. *Id.*

West Side argued that the measure of damages should be the diminution in the value of the property because the alleged damage was permanent in nature and beyond repair (Doc. 357). Noting that ConAgra claimed $3,805,740.51 in property damage, West Side maintained that the impracticability of repair was evidenced by the fact that ConAgra demolished and rebuilt the damaged portions of Elevator C because it determined that the damage was beyond repair. West Side relied on the deposition of

3

ConAgra's corporate representative, Dean Hoerning, who testified, "We never discussed repairing [the roof], but we discussed replacing [it].... "[R]epairing it was not possible" (Doc. 357, p. 4). West Side also submitted that dust control equipment was not damaged beyond repair but had to be replaced because it was incompatible with some of the other new equipment.

ConAgra argued that the cost of repair was the appropriate measure of damages because the elevator was not totally destroyed (Doc. 364). Rather, only portions of the elevator were destroyed, and the elevator as a whole has been repaired to working condition (Doc. 364, pp. 3, 4). In the alternative, relying on *Rittenhouse v. Tabor Grain Co.*, 561 N.E.2d 264, 273 (Ill.App.Ct. 1990), ConAgra argued that awarding diminution in value was not appropriate, even if the elevator suffered permanent damage, because the elevator has "a distinct value without reference to the real estate" on which it stands (Doc. 364, p. 5).

As previously held by the Court, the proper measure of damages to Elevator C is the cost of repair. The elevator was not totally destroyed or beyond repair. Remedial measures, such as replacing the roof, served to repair the structure as a whole. Illinois courts have repeatedly held that the proper measure of damages when portions of property were damaged beyond repair, but the property as a whole was not destroyed, was the cost of repair. **See Williams-Bowman, 677 F.Supp. at 545-46 (cost of**

repair was the proper measure of damages where building was damaged by fire); *Beasley v. Pelmore*, 631 N.E.2d 749, 756 (Ill.App.Ct. 1994) (cost of repair was appropriate measure of damages where neighboring owner caused collapse of the back portion of plaintiff's building); *Frisch Contracting Service Corp. v. N. Ill. Gas Co.*, 417 N.E.2d 1070, 1075 (Ill.App.Ct. 1981) (cost of repair was proper measure of damages even when entire sewer system must be dug up and replaced).

The determining factor here is not whether portions of the grain bin and the surrounding site had to be replaced, but whether the cost of doing so rendered repair impracticable. Repairing real property is impracticable if to do so "would put the defendant to disproportionate expenses or effort to restore it to its condition prior to the injury." *Williams-Bowman*, 677 F.Supp. at 545. For example, "courts will not compel a defendant to rebuild a barn with a market value of $50 at a replacement cost of $500." *Id.* West Side Salvage has not demonstrated that the cost of repair in this case is so great as to constitute a "disproportionate expense."

In summary, although portions of ConAgra's grain elevator had to be replaced, those replacements served to repair the structure as a whole. Repair was not impracticable because the cost, although significant, was not so great as to constitute a disproportionate expense.

5

III. <u>Conclusion</u>

Accordingly, as previously ruled by the Court, the proper measure of damages is the cost of repair.

IT IS SO ORDERED.

DATED this 6th day of July, 2012

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge
